# NO. 12-14-00030-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN TREON JEFFERSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kevin Treon Jefferson appeals his convictions for four counts of aggravated sexual assault of a child and one count of attempted aggravated sexual assault of a child. In the aggravated sexual assault counts, Appellant was sentenced to imprisonment for thirty years, forty years, fifty years, and fifty years. In the attempted aggravated sexual assault count, he was sentenced to imprisonment for ten years, suspended for a period of ten years. Appellant raises one issue challenging the trial court's denial of his motion for mistrial. We affirm.

## BACKGROUND

Appellant was charged by indictment with four counts of aggravated sexual assault of a child and one count of attempted aggravated sexual assault of a child. He pleaded "not guilty" to all five counts, and the matter proceeded to a jury trial.

At trial, the mother of one of the two child victims began to cry while testifying about learning that her daughter had been sexually assaulted. The prosecutor stopped the examination and asked if the witness needed a break. The trial court then called a recess and had the jury escorted out of the courtroom.

Appellant's counsel moved for a mistrial, which the trial court denied. Appellant's counsel also asked for an instruction to disregard, which the trial court gave when the jury

returned. Specifically, the trial court instructed the jury "not to be governed by any type of emotional component [or] heartstrings" and "to decide the case without any personal feelings or emotions for either or against either party."

The witness's testimony continued without incident. The prosecutor made no allusion to the emotional outburst during the remainder of the trial. He did, however, question two witnesses about the demeanor of the two child victims after they testified. These witnesses testified that the victims were upset and crying outside of the courtroom. The prosecutor mentioned this testimony briefly in his closing arguments. Appellant's counsel did not object to these questions or the argument.

Ultimately, the jury found Appellant "guilty" on all five counts and assessed his punishment at imprisonment for thirty, forty, fifty, and fifty years in the aggravated sexual assault counts, and ten years suspended for ten years in the attempted aggravated sexual assault. This appeal followed.

## DENIAL OF MOTION FOR MISTRIAL

In his sole issue, Appellant complains that he was denied his right to a fair trial because the jury was prejudiced by the emotional outburst from the victim's mother on the witness stand. He challenges the trial court's denial of his motion for mistrial based on the outburst.

### Standard of Review and Applicable Law

"A trial judge's denial of a motion for mistrial is reviewed under an abuse of discretion standard, and his ruling must be upheld if it was within the zone of reasonable disagreement." *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). An outburst from a witness or bystander will not result in reversible error unless there is a reasonable probability that the conduct interfered with the jury's verdict. *Id.* "In the context of such outbursts, the trial judge's instructions to disregard are generally considered sufficient to cure the impropriety because it is presumed that the jury will follow those instructions." *Id.*

However, "an initially innocent trial error may be tainted by a prosecutor's intentional efforts to exacerbate its effect," and, "as a jury has its attention focused on improper testimony, the initial impression created by said testimony, curable by a simple instruction, escalates [into] cumulative harm." *Stahl v. State*, 749 S.W.2d 826, 832 (Tex. Crim. App. 1988). Factors to be considered in determining whether such harm has occurred may include (1) whether the

2

defendant objected to the prosecutor's conduct, (2) whether the prosecutor deliberately violated an express court order, and (3) whether the misconduct was blatant. *Id.* at 831.

In *Stahl*, the victim's mother made an emotional outburst when the prosecutor showed her a picture of her son in the morgue. *Id.* at 828. The jury was given an instruction to disregard the outburst, but the prosecutor repeatedly alluded to it in his closing arguments over sustained objections by defense counsel. *Id.* at 826-30. Moreover, there was evidence that the prosecutor knew about the witness's propensity for such an outburst before he showed her the picture and failed to take steps to avoid it. *Id.* at 829-30. The court of criminal appeals concluded that the record showed the prosecutor intentionally focused the jury on the emotional outburst, and it affirmed the court of appeals' judgment reversing the conviction. *Id.* at 830-32.

## Analysis

Appellant argues that the trial court's instruction to disregard the mother's emotional outburst was insufficient because of the prosecutor's subsequent examination and arguments regarding the posttestimonial demeanor of the victims. Appellant contends that this was prosecutorial misconduct.

Based on the record before us, we cannot conclude that the prosecutor's actions constituted prosecutorial misconduct. First, Appellant did not object at trial to the questions and arguments of the prosecutor regarding the demeanor of the victims. *Cf. Stahl*, 749 S.W.2d at 831. Second, the prosecutor did not violate any express court order by his conduct. *Id.* Third, although Appellant describes the behavior as blatant misconduct, we disagree. Based on the context in which the argument was made, it is apparent that the prosecutor's intent was to rebut Appellant's argument that the victims fabricated their stories, not to inflame the jury.

Furthermore, the prosecutor told the trial court that he had not anticipated the mother's emotional outburst because she had always kept her composure during their pretrial meetings. When the mother started crying on the stand, the prosecutor stopped questioning her and suggested a recess. While the jury was out, he assured the trial court that if he detected signs of another impending outburst, he would try to get the court's attention so it could intervene. The prosecutor never mentioned or alluded to the outburst again.

The record does not support Appellant's contention of prosecutorial misconduct. Therefore, we presume that the jury followed the trial court's instruction to disregard any

emotional outbursts and made its findings based on the law and the evidence. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 22, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER  22, 2014

NO. 12-14-00030-CR

**KEVIN TREON JEFFERSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2013-0297)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*